**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-60003

(Summary Calendar)
_____


LESLIE KIEFER,

                                Plaintiff-Appellant,

versus


BRUCE HARRIS; AMERICAN LENDERS SERVICE
COMPANY,

                                Defendants-Appellees.


Appeal from the United States District Court
For the Southern District of Mississippi
(1:96-CV-336-GR)

August 21, 1997
Before SMITH, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Leslie Kiefer appeals the district court's grant of summary
judgment to the defendants in her civil suit challenging the
repossession of her motor home.  She argues that the defendants
conspired with the Harrison County Sheriff's Department to

_____

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

facilitate the illegal repossession of her Winnebago.  We find no reversible error and therefore affirm.

I

Kiefer purchased a Winnebago motor home in February, 1993. She borrowed money from St. Paul Postal Employees' Credit Union of St. Paul, Minnesota ("St. Paul Postal") and signed a security agreement granting St. Paul Postal a security interest in the motor home. The security agreement provided for monthly payments of $304.68 to begin in March, 1993.  By August, 1993, Kiefer had made only one full payment and one half-payment and was past due in the amount of $457.02.  St. Paul Postal referred the matter to American Lenders Service Company ("ALSC") for repossession of the motor home, which was then located in Biloxi, Mississippi.

ALSC repossessed the motor home on behalf of St. Paul Postal. At the time of the repossession, Kiefer was incarcerated in the Harrison County, Mississippi, jail and was therefore not present at the home.  ALSC performed a complete inventory of the contents of the home upon repossession.  Kiefer subsequently met with Bruce Harris, the resident manager for ALSC in Alabama, to review the inventory list.  After accounting for all of her possessions, Kiefer signed each page of the inventory list, indicating that it represented a complete list of her personal belongings that had been in the motor home at the time of repossession.

In May 1996, Kiefer filed a complaint against Harris and ALSC, alleging (1) that ALSC conspired with the Harrison County Sheriff's

2

Department to incarcerate her while ALSC repossessed her motor home, (2) that ALSC illegally repossessed her motor home while she was incarcerated, and (3) that ALSC was guilty of criminal trespass, burglary, larceny, and grand larceny for the theft of her motor home and its contents (specifically a portable vault allegedly located in the motor home at the time of the repossession). Since Kiefer is suing out-of-state defendants, we assume, although she does not specifically assert, that the basis for federal subject matter jurisdiction is diversity under 28 U.S.C. § 1332.[1]

Kiefer requested damages in the amount of five million dollars. The defendants filed a motion for summary judgment, and the district court determined that there was no evidence to show that the defendants had engaged in a conspiracy to deprive Kiefer of her property rights, that the repossession was legal, and that neither Harris nor ALSC had violated any laws, statutes, or regulations in conducting the repossession. The district court granted summary judgment and dismissed the case with prejudice.

Kiefer asserts on appeal that the district court erred by entering summary judgment for the defendants. In addition to reasserting that a conspiracy exists between ALSC and the Harrison

---

[1] Kiefer originally filed her complaint on June 22, 1995, and it was subsequently dismissed without prejudice on May 20, 1996, for failure to timely serve the defendants. The complaint that she subsequently filed on May 29, 1996, was substantially similar to her original complaint.

3

County Sheriff's Department, Kiefer contends that the repossession of her motor home was illegal because: (1) St. Paul Postal never informed her of the exact amount of her monthly payments; (2) she was not given an opportunity to redeem the collateral; (3) the repossession was fraudulent because she did not consent to the repossession; (4) the repossession constituted a breach of the peace; (5) she did not receive all of her personal belongings from the motor home; and (6) the creditor had not notified her that strict compliance with the contract terms would be required, that she was in default, or that the contract would be accelerated.

## II

We review the district court's grant of summary judgment *de novo* applying the standards articulated in Fed. R. Civ. P. 56(c). *Dunn-McCampbell Royalty Interest, Inc. v. National Park Service*, 112 F.3d 1283, 1286 (5th Cir. 1997). The moving party has the initial burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. *Id.* at 323, 106 S. Ct. at 2553. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of her pleading, but must set forth specific facts showing the existence of a genuine

issue for trial. *Kunin v. Feofanov*, 69 F.3d 59, 61 (5th Cir. 1995). Unsubstantiated conclusions that a fact issue exists will not suffice. *Id*.

Before we address the summary judgment record, we note that Mississippi law governs Kiefer's claims. The parties executed the security agreement in Minnesota, but the agreement generally applies the law of Wisconsin. The relevant part of the security agreement reads:

> The validity, construction, and endorsement of this Agreement are governed by the laws of Wisconsin, except that the recovery of Collateral shall be governed by the law of the state in which the collateral is located at the time of recovery to the extent authorized by §421.201(5), Wis. Stats.

A federal court sitting in diversity applies the conflict rules of the state in which the suit is brought and, therefore, Mississippi choice of law rules apply to this action. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496, 61 S. Ct. 1020, 1021, 85 L. Ed. 1477 (1941). Under Mississippi choice of law principles, a choice of law provision in a contract will govern if the state law selected bears a reasonable relation to the object of the contract. *Sorrels Steel Co., Inc. v. Great Southwest Corp.*, 906 F.2d 158, 167 (5th Cir. 1990). The parties do not contest that the governing Mississippi statute is directly related to the object of the contract, repossession on default, and we therefore apply Mississippi law to settle Kiefer's claims.

As summary judgment evidence, the defendants rely on the

5

uncontroverted facts that a valid security agreement exists, that Kiefer was in default on her secured loan, and that ALSC, as the secured party under Mississippi law, had a right to repossess the Winnebago peaceably without judicial process.  Under Mississippi law, "[u]nless otherwise agreed, a secured party has on default the right to take possession of the collateral.  In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace or may proceed by action."  Miss. Code Ann. § 75-9-503 (1972). The defendants therefore met their initial burden of showing that there was no genuine issue of material fact, and the burden then shifted to Kiefer to produce evidence or set forth specific facts showing the existence of a genuine issue for trial.

Kiefer is unable to show that there was a breach of the peace when the repossession occurred or that Mississippi law was otherwise violated.  Kiefer has not offered any evidence that ALSC's actions caused a breach of the peace.  Kiefer was not in the motor home when the repossession took place, and ALSC was able to take possession of the collateral without disturbance. *See Butler v. Ford Motor Credit Co.*, 829 F.2d 568, 569 (5th Cir. 1987) (holding that secured creditor making unauthorized entry onto driveway to remove vehicle did not breach peace so as to render repossession illegal under Mississippi law).

In addition, Kiefer signed each page of the inventory list

6

prepared by ALSC indicating that it represented a true and complete list of all her belongings that had been in the motor home at the time of the repossession as well as indicating that she had received such belongings.  After attesting that all of her goods were accounted for and returned to her, Kiefer claims that the sheriff's department illegally retained her property.  Kiefer's claim against the Sheriff's Department is completely inconsistent with her prior attestation and, without further substantiation, her allegations of theft, burglary, larceny, or conversion will not withstand summary judgment. *Kunin*, 69 F.3d at 61.  Kiefer fails to demonstrate a genuine issue for trial under Mississippi law.

Kiefer also attempts to meet her burden by showing that the repossession was in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). Congress enacted the FDCPA to help prevent professional debt collectors from using "abusive, deceptive, and unfair" practices when collecting debts from consumers. However, FDCPA actions must be brought within one year of the date on which the alleged statutory violation occurred.  15 U.S.C. § 1692k(d).  The repossession in this case occurred on August 11, 1993, and Kiefer filed her original action on June 22, 1995.  Thus, the FDCPA claim fails because it is untimely. Moreover, the FDCPA does not preclude debt collectors from peaceably repossessing property subject to an enforceable security agreement when the debtor is in default. *See James v. Ford Motor*

7

*Credit*, 842 F. Supp. 1202, 1209 (D. Minn. 1994), *aff'd*, 47 F.3d 961 (8th Cir. 1995).

In addition to these claims, Kiefer generally asserts that her constitutional, civil, and legal rights have been violated without citation to any specific statute or provision. The district court construed this claim as arising under 42 U.S.C. § 1983, which provides a remedy against any person who, under color of state law, deprives another of rights protected by the Constitution. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120, 112 S. Ct. 1061, 1065, 117 L. Ed. 2d 261 (1992). Although we liberally construe claims brought by pro se litigants, *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993), it is clear that Harris and ALSC did not act under color of state law. Kiefer did not sue the Harrison County Sheriff's Department or any of its officers for the conspiracy she alleges.

Because Kiefer has failed to produce evidence or set forth specific facts showing the existence of a genuine issue for trial, the defendants were entitled to summary judgment on Kiefer's claim concerning the illegality of the repossession. Because Kiefer's claim that the repossession was illegal is without merit, her claim that the defendants engaged in a conspiracy to facilitate the repossession necessarily fails as a matter of law.

Furthermore, we DENY Kiefer's "Oral Presentation to Appeal Brief," in which she asks to be allowed to "present to the Court

the problem of homelessness in the United States today." Although the court shares Kiefer's concerns about the plight of the homeless, the appeal of a civil action for damages arising from the repossession of a Winnebago is hardly the forum for addressing the problem.

AFFIRMED.